UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| North East Shoring Corporation, Inc.<br>　　　Plaintiff,<br><br>v.<br><br>Northeast Shoring Installation, LLC<br>　　　Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff North East Shoring Corporation, Inc. ("North East Shoring" or "Plaintiff") brings this Complaint seeking preliminary and permanent injunctive relief and damages arising from Defendant Northeast Shoring Installation, LLC's ("Northeast Shoring" or "Defendant") trademark infringement, unfair competition, and unfair and deceptive practices.  North East Shoring has been in the construction industry in the New England states, and specifically Massachusetts, for more than fifteen years.  North East Shoring is involved in the niche market of temporary support equipment/services for construction projects, such as tank installations, pipe installations/repairs, soil remediation, *etc.*  During this time, North East Shoring has built considerable name recognition in its market and has spent substantial resources advertising and developing the "North East Shoring" mark.

Defendant knowingly and willfully infringed upon North East Shoring's commercial and intellectual property rights and misled consumers by doing business in the same niche market as North East Shoring utilizing a confusingly similar mark.  Indeed, North East Shoring has encountered various areas of customer confusion to the direct detriment of its reputation.  These

1

acts have damaged and will continue to damage North East Shoring irreparably. Accordingly, Plaintiff seeks injunctive relief and monetary damages under federal and state law.

## NATURE OF THE ACTION

1. This is an action at law and in equity for trademark infringement, unfair competition, false designation of origin, and unfair and deceptive trade practices under the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. ("Lanham Act") and for unfair competition under Massachusetts law.

## PARTIES

2. Plaintiff North East Shoring Corporation is a Massachusetts corporation with its principal place of business in Millis, Massachusetts. Plaintiff is the owner of the federal trademark "North East Shoring," Reg. No. 5,136,430. *See* Exhibit A. North East Shoring is in the business of providing temporary support equipment/services for construction projects. Plaintiff advertises, promotes, sells and provides its services in interstate commerce in the United States, specifically including the Commonwealth of Massachusetts.

3. Upon information and belief, Defendant Northeast Shoring Installation LLC is a Massachusetts limited liability company organized and existing under the laws of Massachusetts, with a principal place of business at 700 West Center Street, Suite 2, West Bridgewater, MA 02379.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. The federal claims include trademark infringement and false designation of origin and unfair competition under the Lanham Act.

5. In addition, this Court has pendant jurisdiction over Plaintiff's claims arising under Massachusetts law pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant has a principal place of business in Massachusetts. Defendant transacts business within the Commonwealth, has committed tortious acts or omissions within this Commonwealth, and has otherwise established contacts within this Commonwealth sufficient to make the exercise of personal jurisdiction proper.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

**FACTS**

**I.     Plaintiff's Services**

8. Plaintiff North East Shoring has been in the construction industry in the New England states for more than fifteen years and provides services to numerous clients within the Commonwealth.[1]

9. North East Shoring is involved in the niche market of temporary support equipment/services for construction projects, such as tank installations, pipe installations/repairs, soil remediation, *etc.*

10. During this time, North East Shoring has built considerable name recognition in its market and has spent substantial resources advertising and developing its mark.

11. North East Shoring is the owner of federal trademark "North East Shoring," Reg. No. 5,136,430.

12. North East Shoring has used its trademark/service mark in connection with its business since 2002 and continues to use its mark in connection with its services.

---

[1] North East Shoring was formerly known as North East Shoring Equipment, LLC until 2015, when the name was changed to North East Shoring Corporation, LLC.

13. North East Shoring has used its mark for over fifteen years.

14. As a result of North East Shoring's continuous use of its "North East Shoring" mark, customers in the construction industry associate the mark exclusively with "North East Shoring."

15. In addition to its federal trademark, North East Shoring has common law rights in its mark.

16. North East Shoring has utilized its mark related to its temporary support equipment/services for construction projects in New England – and specifically the Commonwealth – since 2002.

17. North East Shoring generates its business from its website, customer referrals, word of mouth, and advertisements.

18. The success of North East Shoring's business depends upon the goodwill, reputation, and integrity associated with it and its mark.

**II.   Defendant's Adoption of a Confusingly Similar Mark**

19. Aware of North East Shoring's business and goodwill, on or about August, 2015, Defendant organized its business under the name Northeast Shoring Installation, LLC.

20. Prior to organizing its business with the Commonwealth and adopting its confusingly similar mark, Northeast Shoring and/or a Northeast Shoring agent contacted North East Shoring requesting quotations.

21. Defendant Northeast Shoring knew about North East Shoring, its business operations, its goodwill, and its name, yet purposefully selected to operate in the same niche market using the same or confusingly similar mark.

22. Defendant Northeast Shoring offers the same types of temporary support

equipment/services for construction projects as North East Shoring such as tank installation, pipe installation, and soil remediation.

23. Defendant Northeast Shoring began using a trademark/service mark so similar to North East Shoring's trademark/service marks, that it is nearly indistinguishable.

24. Defendant Northeast Shoring has intentionally chosen its confusingly similar and nearly indistinguishable trademark/service mark so as to take advantage of the goodwill and reputation that North East Shoring has developed over the years.

25. Defendant Northeast Shoring is willfully and purposefully using its confusingly similar mark in such a way as to create a false impression that Northeast Shoring and its services are affiliated or related to North East Shoring.

26. North East Shoring has encountered various areas of customer confusion to its direct detriment.

27. One example involved a mutual customer of North East Shoring and Northeast Shoring.  Northeast Shoring provided substandard services to this customer.  The customer confused North East Shoring with Northeast Shoring and due to its misunderstanding and dissatisfaction with Northeast Shoring's services, the customer withheld payment on one of North East Shoring's prior invoices.  After addressing the customer's mistake, North East Shoring was made aware that its reputation had been badly tarnished by the confusion as this mutual customer had relayed its negative experience to its business contacts and falsely attributed the poor performance to North East Shoring.

28. As a result of Defendant Northeast Shoring's use of similar and/or nearly indistinguishable mark, North East Shoring's business reputation has been harmed.

29. As a result of Defendant Northeast Shoring's use of a confusingly similar mark the

distinctive quality of North East Shoring's trademark/service mark has been diluted.

30. As a result of Defendant Northeast Shoring's actions, North East Shoring has suffered and will continue to suffer harm.

## COUNT I
### (Federal Trademark Infringement)

31. Plaintiff North East Shoring incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

32. Defendant Northeast Shoring has used in commerce marks that are confusingly similar to North East Shoring's mark in violation of 15 U.S.C. § 1114.

33. Defendant's use of confusingly similar imitations of Plaintiff's federally registered mark has caused and/or is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services are performed by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

34. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the federally registered mark for which Plaintiff has no adequate remedy at law.

35. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's mark, to Plaintiff's great and irreparable harm.

36. Because Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff, and because this is an exceptional case, Defendant is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
### (Federal Unfair Competition and False Designation of Origin)

37. Plaintiff North East Shoring incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

38. Defendant's use of North East Shoring's mark and confusingly similar imitations of North East Shoring's mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement or approval of Plaintiff.

39. Defendant has used false designation of origin, false or misleading descriptions of fact, and false or misleading representations of fact in violation of 15 U.S.C. § 1125(a). Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, and, additionally, injury to North East Shoring's goodwill and reputation as symbolized by its mark, for which North East Shoring has no adequate remedy at law.

40. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with North East Shoring's mark to the great and irreparable injury to North East Shoring.

41. Because Defendant has caused, and is like to continue causing, substantial injury to the public and to North East Shoring, and because this is an exceptional case, North East Shoring is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits, and damages, costs, and reasonable attorneys' fees under 15 U.S.C. § 1125(a), 1116, and 1117.

## COUNT III
### (Common Law Trademark Infringement and Unfair Competition)

42. Plaintiff North East Shoring incorporates by reference the allegations in the

preceding paragraphs as if fully set forth herein.

43. Defendant's actions constitute common law trademark infringement in violation of Massachusetts common law.

44. Among other things, Defendant's use of the North East Shoring mark enables Defendant to obtain the benefit of, and trade on, the goodwill of Plaintiff's North East Shoring mark and is likely to cause confusion, mistake, or deception, and result in the unjust enrichment of Defendant.

45. As a direct and proximate result of the willful actions, conduct, and practices of Defendant, Plaintiff has been and will continue to be damaged by Defendant's conduct and will continue to be irreparably harmed unless Defendant's unlawful conduct is enjoined.

46. As a result of Defendant's acts described herein, Plaintiff is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT IV
### (Unfair Competition in Violation of M.G.L. c. 93A)

47. Plaintiff North East Shoring incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

48. Defendant Northeast Shoring engaged in trade or commerce within the meaning of M.G.L. c. 93A, § 11.

49. Defendant's advertising, promotion, and services by utilizing a mark confusingly similar to Plaintiff's constitute unfair competition in violation of M.G.L. c. 93A.

50. Defendant's unfair and deceptive conduct was perpetrated knowingly and willfully.

51. Defendant's unfair and deceptive conduct occurred primarily and substantially within the Commonwealth of Massachusetts.

52. Plaintiff has been and will continue to be damaged by Defendant's conduct.

## COUNT V
### (Trademark Dilution in Violation of M.G.L. c. 110H, § 13)

53. Plaintiff North East Shoring incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

54. Defendant's unauthorized use of confusingly similar marks to North East Shoring trademarks/service marks will and does dilute the distinctive quality of North East Shoring's valuable common law trademark rights in the marks in violation of M.G.L. c. 110H, § 13.

55. Unless Defendant is enjoined from its wrongful conduct, North East Shoring will continue to suffer irreparable harm to its business reputation and the distinctive quality of its trademark/service marks, for which North East Shoring has no adequate remedy at law.

56. Defendant's conduct described above has been willful, reckless, and in violation of Plaintiff's rights.

57. By reason of the acts of Defendant alleged herein, North East Shoring has suffered, is suffering, and will continue to suffer irreparable harm and is entitled to immediate injunctive relief and damages.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff North East Shoring Corporation, Inc. requests the following relief:

(a) Entering judgment in favor of Plaintiff with respect to each of the foregoing Causes of Action;

(b) Enjoining Defendant Northeast Shoring Installation, LLC from using its confusingly similar mark in advertising, promoting, or offering its services pursuant to 15 U.S.C. §1116, M.G.L. c. 93A, § 11, and 110H, §13, and Massachusetts common law;

(c) Awarding Plaintiff its actual damages and other monetary relief, including but not limited to Defendant's profits, in an amount to be proven at trial, pursuant to 15 U.S.C. §1117(a), M.G.L. c. 93A, § 11 and Massachusetts common law;

(d) Awarding Plaintiff double or treble damages pursuant to M.G.L. c. 93A, § 11;

(e) Awarding Plaintiff enhanced damages under 15 U.S.C. § 1117;

(f) Awarding Plaintiff its costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and M.G.L. c. 9eA, § 11; and

(g) Such other relief as deemed just and proper by the Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable by right of jury.

Respectfully submitted

NORTH EAST SHORING CORPORATION, INC.

By and through its attorneys,

Dated:  March 6, 2017          */s/ Catherine Rajwani*

Catherine I. Rajwani, Esq. (BBO# 674443)
Lucia A. Passanisi, Esq. (BBO# 691189)
THE HARBOR LAW GROUP
300 West Main Street, Building A, Unit 1
Northborough, MA 01532
Phone:  (508) 393-9244
Fax:  (508) 393-9245
Email:  crajwani@harborlaw.com
Email:  passanisi@harborlaw.com